DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, Probate Division, that found one of the two wills executed by Richard V. Metz to be invalid. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant Sally Brunn sets forth a single assignment of error:
 {¶ 3} "The trial court erred in finding that the 2/8/02 will was not valid due to the statement typed after the signature as that statement was neither dispositive nor affected any provision in the will."
 {¶ 4} Richard V. Metz ("Metz") died on November 13, 2003. He was survived by a son, Richard L. Metz (appellee) and a daughter, Sally Brunn (appellant). On November 15, 2003, appellee discovered a document purporting to be his father's Last Will and Testament and immediately gave the document to his attorney. The document, dated February 9, 2002, was titled "Single Person's Will" and bore the witnessed signature of Richard V. Metz. On November 29, 2003, appellee obtained a copy of a will dated February 19, 1999, which he delivered to his attorney. About three weeks later, appellee filed an application to probate the 1999 will without filing or disclosing the 2002 will. The application to probate the 1999 will was granted.
 {¶ 5} The 1999 will contains a bequest of $10,000 to each of Metz's grandchildren, two of whom are appellant's children. The will then states, under Item II:
 {¶ 6} "The balance of my entire estate as defined in Item III., I give, devise, and bequeath to Richard L. Metz, my son.
 {¶ 7} "For various reasons, I intentionally make no provision herein for Sally Sue Brunn."
 {¶ 8} The 2002 document appears to have been copied from the pages of a probate form book and contains the caption "Single Person's Will" at the top of the first page. The document contains two items. First, under "ITEM IV — EXECUTOR," Metz nominates his son, appellee, to serve as executor. The second and final article, "ITEM V — MISCELLANEOUS PROVISIONS; DEFINITIONS," sets forth various administrative provisions. Metz's signature appears below Item V and above the attestation clause. Immediately below the attestation clause, but on a page preceding the signatures of the three witnesses, the following language appears:
 {¶ 9} "I HAVE PURPOSELY FAILED TO MAKE ANY PROVISION FOR SALLY SUE METZ BRUNN, AS SUBSTANTIAL GIFTS HAVE PREVIOUSLY BEEN MADE TO HER. HER CONCERN FOR HER PARENTS HAS BEEN LACKING FOR YEARS AND HER ACTIONS DEPLORABLE. UNDER NO CIRCUMSTANCES ARE ANY OF THE BRUNNS TO RECEIVE AN IOTA FROM MY ESTATE. THIS IS MY WISH NOW AND FOREVER."
 {¶ 10} The 2002 document does not contain any language revoking the 1999 will or refer in any way to the earlier document.
 {¶ 11} On January 24, 2005, appellee's new attorney informed appellant's counsel of the existence of the 2002 document and informed counsel of his intention to file it with the probate court for review. However, appellee did not file it, and on April 5, 2005, appellant filed a motion to compel the production of the document; three days later, appellant filed an application to probate that document and administer the estate under it. On April 14, 2005, appellee submitted the 2002 document to the probate court and applied to probate it as a codicil to the 1999 will.
 {¶ 12} On September 27, 2005, appellant filed a motion for summary judgment in which she asserted that the 2002 document should be admitted to probate as Metz's last will and testament. Appellant's position was that the 2002 document is Metz's last will and testament, effectively revoking the 1999 will. Appellant reasoned that her father's estate would then have to be distributed in accordance with the statutes of descent and distribution, since the 2002 document does not contain any language directing the division of his property. Appellant argued that since no specific dispositions were made in the 2002 document, the law presumes her father "purposefully deleted the bequests set forth in the earlier instrument" and intended his property to pass under the Ohio descent and distribution statutes. We note that appellant would inherit one-half of the estate if the 2002 document was accepted as a valid will. On September 28, 2005, appellee filed a cross-motion for partial summary judgment in which he asserted that the 1999 will is the most recent and only valid and enforceable will executed by Richard V. Metz. Appellee's position is that the 2002 document is neither valid nor enforceable and does not revoke the earlier will.
 {¶ 13} On November 4, 2005, the probate court issued a decision granting summary judgment in favor of appellee on the issue of the validity and effect of the 2002 document. The trial court found the 2002 document was not a proper will due to the language typed after the signature line. This timely appeal follows.
 {¶ 14} In support of her sole assignment of error, appellant asserts, as she did in her motion for summary judgment, that the 2002 document is a will made with testamentary intent and that it was executed in accordance with the law. She further asserts that the 2002 document revokes Metz's 1999 will. Appellant concludes that since Metz made no specific dispositions of his property in the 2002 document, the law must presume that he intended his property to pass under Ohio's descent and distribution statutes.
 {¶ 15} An appellate court must employ a de novo standard of review of the trial court's summary judgment decision, applying the same standard used by the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129; Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C) .
 {¶ 16} R.C. 2107.03 states that every last will and testament "* * * shall be signed at the end by the party making it * * *." (Emphasis added.)
 {¶ 17} The issue presented to this court is whether the 2002 document satisfies the R.C. 2107.03 requirement that a will be "signed at the end" by the testator. In order to accurately determine whether the document in this case was signed at the end as required, we must determine whether the words following Metz's signature are dispositive words. "* * * [I]f the clause [in question] is of a dispositive character, and may, in certain events, change the course of some or all of his property, its location in the instrument is of essential importance in deciding whether the will is signed at the end." Irwin v. Jacques
(1905), 71 Ohio St. 395, 404. In Mader v. Apple (1909),80 Ohio St. 691, 699, the court stated: "* * * The signature of the testator need not immediately follow the last word of the will. It is required, however, that the signature of the testator shall come after all the dispositive portions of the will; and where this is not the case the will is not signed at the end. * * *" (Emphasis added.)
 {¶ 18} This court finds that the clause at issue in the 2002 document contains a declaration of intent to disinherit certain individuals. Metz's words were unequivocal: "* * * Under no circumstances are any of the Brunns to receive an iota from my estate. This is my wish now and forever." Therefore, we find that the clause is dispositive in nature. Because the dispositive clause appears below Metz's signature, the document is not "signed at the end" as required by R.C. 2107.03 and is therefore invalid.
 {¶ 19} Based on the foregoing, this court finds there is no genuine issue of fact and appellee is entitled to judgment as a matter of law. The judgment of the Huron County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Pietrykowski, J., Parish, J., concur.